# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* LOVELL LEONARD LAMAR MILLER,
Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

LOVELL LEONARD LAMAR MILLER,

        Respondent-Appellant.

UNPUBLISHED
August 16, 2018

No. 339019
Wayne Circuit Court
Family Division
LC No. 16-523800-DL

---

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

The trial court adjudicated the juvenile respondent guilty of violating his probation for entering a building without the owner's permission, MCL 750.115, and removed him from his home for placement in a non-secured residential facility. Following respondent's plea on a subsequent delinquency-proceeding petition, the trial court adjudicated respondent guilty of larceny in a building, MCL 750.360, and continued his placement in a non-secured facility. Respondent appeals as of right and challenges his removal from home placement. We affirm.

## I. OVERVIEW

A delinquency-proceeding petition filed in November 2016 alleged that respondent violated MCL 750.110 by breaking and entering a building with the intent to commit larceny. Following respondent's plea, the trial court adjudicated respondent guilty of entering a building without the owner's permission, MCL 750.115, and placed him on in-home probation, in the care of his mother. In May 2017, two petitions were filed: (1) a supplemental petition, alleging that respondent violated his probation by having police contact in January and February, and by being suspended from school in April; and (2) a new delinquency-proceeding petition, alleging that respondent violated MCL 750.110 in January 2017 by breaking and entering a building with the intent to commit larceny, and committing larceny in a building, MCL 750.360.

On May 24, 2017, respondent admitted that he violated his probation by being suspended from school because of certain negative behavior. The trial court adjudicated him guilty of

-1-

violating his probation and removed him from his home for placement in a non-secured residential facility with services. On June 28, 2017, as part of a plea agreement, respondent admitted to committing larceny in a building in exchange for dismissal of the additional count of breaking and entering. The trial court adjudicated respondent guilty of larceny in a building and entered an order placing him in a non-secured residential facility. The trial court found that the "parent failed to adequately supervise youth and his risky behavior of larceny from a building; youth also failed to comply with probationary rules which causes risk of harm to self."[1]

## II. OUT-OF-HOME PLACEMENT

Respondent's only argument on appeal is that the trial court abused its discretion by committing him to out-of-home placement.[2] We disagree.

We review a trial court's order for residential placement for an abuse of discretion. See *In re Ricks*, 167 Mich App 285, 295; 421 NW2d 667 (1988). The trial court has the discretion to enter an order of disposition that is "appropriate for the welfare of the juvenile and society in view of the facts proven and ascertained[,]" including warning the juvenile, placing the juvenile on in-home probation, or ordering out-of-home placement in a facility. MCL 712A.18(1). In making second and subsequent dispositions, "the court must consider imposing increasingly severe sanctions, which may include . . . ordering a juvenile who has been residing at home into an out-of-home placement[.]" MCR 3.943(E)(2). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008).

Respondent's claim challenging his out-of-home placement lacks merit. Preliminarily, respondent's claim fails because he agreed to the placement as part of a plea agreement following the filing of the second delinquency-proceeding petition. Pursuant to the plea agreement, respondent admitted to one count of larceny in a building in exchange for dismissal of the additional count of breaking and entering. As part of the dispositional agreement in the Settlement Offer and Notice of Acceptance, respondent agreed to "be placed with the Dept. of

---

[1] In September 2017, a third delinquency-proceeding petition was filed, alleging that respondent violated MCL 750.81(1), by committing assault or an assault and battery on April 12, 2017. Respondent was warned and the petition was dismissed; the trial court noted that respondent was already in a residential facility on a different petition.

[2] Respondent challenges two orders of disposition, both of which ordered out-of-home placement. Respondent's challenge to the trial court's May 24, 2017 order of disposition, placing him outside the home after he violated his probation, is moot. In the order of disposition entered on June 28, 2017, the trial court adjudicated respondent guilty of larceny in a building as a result of a different delinquency-proceeding petition, and entered an order placing him in a non-secured residential facility. In a separate order, the trial court terminated the probation and wardship on the first petition based on respondent's plea on the new petition, in which he agreed to out-of-home placement. Therefore, only the June 28, 2017 order of disposition remains at issue.

Child & Family Services, security level to be determined by the court at Disposition." Thus, our inquiry could stop here because, as part of the plea agreement, respondent recognized and agreed that the trial court could continue his placement outside the home when accepting respondent's plea.

We also observe, however, that the factual history of the case, including respondent's own admissions, undermines respondent's claim that the trial court abused its discretion in ordering out-of-home placement. After the filing of the first delinquency-proceeding petition, respondent admitted to entering a Family Dollar store without the owner's permission and was placed on probation with in-home placement on January 13, 2017. Three days later, on January 16, respondent entered an AT&T store and took a Samsung tablet and a cell phone. On April 12, 2017, three months after being placed on in-home probation, respondent engaged in behavior that caused him to be suspended from school and unable to return to the school for 180 days. Thus, based on respondent's own admissions, he continued to break the law and failed to comply with his probationary rules while on in-home probation. Before first placing respondent outside the home in May 2017, the trial court found that respondent's mother "failed to adequately supervise" him and that respondent "failed to comply with probationary rules which causes risk of harm to self." The trial court observed that respondent is "doing absolutely nothing in the community except catching cases," and the court sought to redirect respondent and give him an opportunity to receive the best treatment and services. After respondent was placed in a residential facility in May, it was reported that "there had been some significant behavioral issues." Given these facts, when again faced with determining respondent's placement in June 2017, the trial court reasonably concluded that in-home placement with services would not meet respondent's needs for rehabilitation and that respondent needed more supervision, support, and services than his mother was currently able to provide. Therefore, the trial court did not abuse its discretion when it ordered out-of-home placement in a non-secured residential facility.

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly